JUSTICE HUNT
specially concurs.
I concur with the majority regarding Issues 2 through 6. While I concur in the result reached by the majority in Issue 1, I cannot entirely support the rationale used to conclude that Collier’s right to a speedy trial was not violated. For this reason, I write separately.
The majority somehow overlooks one of the most important aspects of the Barker test: once a defendant has shown a delay which is presumptively prejudicial, the burden shifts to the State to provide a *65 reasonable explanation for the delay and to show that the defendant was not prejudiced thereby. State v. Gould, (1995), 273 Mont. 207, 213-15, 902 P.2d 532, 537. This shift in the burden of proof changes the entire complexion of a speedy trial analysis. To the extent that the majority opinion suggests that Collier was required to show that her constitutional rights were prejudiced, it is simply incorrect. Once a speedy trial analysis is triggered, prejudice will be presumed and it is up to the State to show that the defendant was not prejudiced by the delay.
Therefore, under the fourth factor of the Barker test, a court must evaluate whether the delay in bringing a case to trial has prejudiced the defendant. Gould, 902 P.2d at 538. As the majority correctly notes, this involves considering possible infringements on three interests which the right to a speedy trial is designed to protect:
(1) the prevention of oppressive pretrial incarceration;
(2) the minimization of the defendant’s anxiety and concern; and
(3) the limitation of impairment of the defense.
It bears repeating, however, that these are three separate interests. The defendant’s interest in avoiding oppressive pretrial incarceration is separate and apart from her interest in minimizing anxiety and concern. There can be no question that Collier was incarcerated for the entire period prior to trial and that her incarceration was oppressive. Therefore, this factor must be weighed in her favor.
However, I do not believe a correct application of the Barker test would yield a different result than that which the majority reaches. Collier has not asserted that her defense was impaired by the delay in bringing the case to trial. To the contrary, she blames the quality of her legal representation for most of the problems she encountered. Moreover, the State has explained the reason for that portion of the delay which is attributable to it. Even if the burden of proof were correctly placed on the State, Collier has not alleged circumstances under which she could prevail. The majority therefore correctly concluded that her right to a speedy trial was not infringed.